**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SAMUEL LOUIS-CHARLES,**

                       **Plaintiff,**

   vs.                                             **9:16-cv-1417
                                                        (MAD/CFH)**

**BARKER;** _Corrections Sergeant,_ **NEWTON;**
_Corrections Sergeant,_ **MACILVENNIE;** _Corrections
Officer,_ **FRANK SEYMOUR;** _Corrections Officer,_
**PATTERSON;** _Corrections Officer,_

                       **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**SAMUEL LOUIS-CHARLES**
16-B-2202
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403
Plaintiff _pro se_

**BARCLAY DAMON LLP**                 **TERESA M. BENNET, ESQ**.
308 Maltbie Street                        **MITCHELL J. KATZ, ESQ.**
Suite 200
Syracuse, New York 13204
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On November 3, 2016, Plaintiff _pro se_ Samuel Louis-Charles ("Plaintiff") filed a complaint in the Northern District of New York, pursuant to 42 U.S.C. § 1983, regarding an alleged assault during his pretrial detention at Jefferson County Correctional Facility ("JCCF"). _See_ Dkt. No. 1. On January 31, 2018, Defendants filed a motion for summary judgment. _See_ Dkt. No. 50. Defendants argued, in part, that they are entitled to summary judgment because

Plaintiff failed to exhaust his available administrative remedies.  *See* Dkt. No. 50-25 at 15.[1]  On July 30, 2018, Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order recommending that the Court grant summary judgment for Defendants on the ground that Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act.  *See* Dkt. No. 76.[2]  On August 16, 2018, Defendants filed objections to Magistrate Judge Hummel's alternative recommendation.  *See* Dkt. No. 83.  Plaintiff has not filed any objections to the July 30, 2018 Report-Recommendation and Order.

Currently before the Court is Magistrate Judge Hummel's July 30, 2018 Report-Recommendation and Order recommending that the Court grant Defendants' motion for summary judgment.  For the following reasons, the Court adopts Magistrate Judge Hummel's Report-Recommendation and Order and grants Defendants' motion for summary judgment.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections.  *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008).  When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error.  *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289,

---

[1] The cited page numbers for docket entries in this Order refer to those assigned by the Court's electronic filing system ("ECF").

[2] Magistrate Judge Hummel's Report-Recommendation and Order included an alternative recommendation in the event that the Court rejected his exhaustion finding.  As the Court agrees with Magistrate Judge Hummel that Plaintiff failed to exhaust his available administrative remedies, the Court will not address this alternative recommendation.

2

295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)).

Plaintiff claimed that Defendant "Newton refused to accept [his] grievance concerning the incidents that lead [sic] to this complaint," and that he "verbally appealed to [Defendant Barker] because [Defendant] Newton would not accept [his] grievance." Dkt. No. 50-4 at 5. Plaintiff also claimed that he handed Defendant Newton a grievance, *see* Dkt. No. 50-5 at 2, but testified at his deposition that he verbally requested a grievance form from Defendants Newton and Barker, *see* Dkt. No. 60-1 at 60-61, 64-65. Plaintiff subsequently amended his deposition testimony to state that he submitted a verbal grievance "because there [were] no grievance sheets in the cell blocks and the CO's don't issue them without the [sergeant's] permission and they denied [him one]." Dkt. No. 50-8 at 2. Finally, Plaintiff claimed that he was given access to materials in order to send a letter protesting Defendants' conduct to the Jefferson County Sheriff and Deputy Sheriff. *See* Dkt. No. 1 at 6.

In his failure to exhaust analysis, Magistrate Judge Hummel found that Plaintiff failed to exhaust the three-step procedure available to inmates at JCCF, which requires the submission of a written grievance within five days of the complained of conduct. *See* Dkt. No. 76 at 12-13 (citing Dkt. No. 50-20). JCCF had no records of any written grievances submitted by Plaintiff during this time. *See* Dkt. No. 50-12 at ¶¶ 1-2. While Plaintiff claimed that he handed Defendant

3

Newton a grievance, the lack of any record of this grievance and Plaintiff's subsequent claim that he actually made a verbal grievance undermines Plaintiff's assertion that he submitted a written grievance. *See Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005). Further, although Plaintiff wrote letters to the Jefferson County Sheriff protesting the conduct of the JCCF staff, Magistrate Judge Hummel noted that writing "letters to prison or other officials outside the grievance chain of command are insufficient to properly exhaust administrative remedies." Dkt. No. 76 at 13 (citing *Geer v. Chapman*, No. 15-cv-952, 2016 WL 6091699, *5 (N.D.N.Y. Sept. 26, 2016), *report and recommendation adopted*, 2016 WL 6090874 (N.D.N.Y. Oct. 18, 2016) (citing *Macias v. Zenk*, 495 F.3d 37, 44-45 (2d Cir. 2007))).

Magistrate Judge Hummel also determined that the grievance process was not inaccessible to Plaintiff. *See id.* at 14; *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (noting that a failure to exhaust is excused where remedies are unavailable, overtly opaque so they become inaccessible, or thwarted "through machination, misrepresentation, or intimidation"). Even if Plaintiff's claims that Defendants Newton and Barker refused to accept his grievance, Plaintiff acknowledges that the reason he did not reach out to other shift supervisors was due to his desire to have the complaint come from the officers involved in the incident. *See* Dkt. No. 60-1 at 61. Thus, Plaintiff's decision to abandon alternative available avenues for relief was not the result of Defendants thwarting his access to the grievance process, but due to Plaintiff's desire to antagonize Defendants Barker and Newton.

Plaintiff also claimed that he did not reach out to other officers because he was on the verge of being transferred from JCCF to the Upstate Correctional Facility. *See* Dkt. No. 60-1 at 61. Magistrate Judge Hummel noted that this argument was not persuasive because JCCF's grievance process required Plaintiff to file a grievance within five days of the incident and Plaintiff was not transferred out of JCCF until eight days after the event in question. *See* Dkt. No.

4

76 at 12, 15.

Magistrate Judge Hummel found that Plaintiff's allegations of retaliation did not constitute "specific threats of retaliation or intimidation by prison officials." *Id.* at 17 (quoting *Grafton v. Hesse*, No. 15-4790, 2017 WL 9487092, *7 (E.D.N.Y. Aug. 25, 2017)). Plaintiff's allegations that he was placed in an isolated strip room in order to deny him access to the grievance procedure is immaterial because these procedures were implemented due to Plaintiff's involvement in a fight and suspicion that Plaintiff had swallowed contraband in an attempt to evade detection. As the decision to implement these procedures was due to events that occurred prior to the alleged violation, they cannot be causally connected to penalizing Plaintiff for attempting to lodge a grievance.

Plaintiff claims that he was denied access to the necessary tools needed to draft a written grievance. Magistrate Judge Hummel, however, found Plaintiff's allegation did not establish a genuine dispute of material fact because the testimony was both internally inconsistent and not supported by any evidence. *See id.* at 19 (quoting *Gizewski v. New York State Dep't of Corr. and Cmty. Supervision*, No. 14-CV-0124, 2016 WL 3661434, *12 (N.D.N.Y. July 5, 2016) (citing *Jeffreys*, 426 F.3d at 555)). While Plaintiff claimed that he was denied access to paper, a writing utensil or stamps, he also claimed that he handed Defendant Barker a written grievance[3] and that he drafted protest letters to the Jefferson County Sheriff and Deputy Sheriff during this time. Further, other than his own testimony, Plaintiff failed to provide any evidence to support his claims that either he or similarly situated inmates at JCCF were denied access to the materials necessary to file a grievance. Given Plaintiff's shifting stories and lack of supporting evidence, Magistrate Judge Hummel properly disregarded Plaintiff's testimony regarding access to writing

---

[3] Plaintiff subsequently recanted this claim and instead claimed that he lodged a "verbal grievance."

5

tools. *See* Dkt. No. 76 at 19; *see also Jeffreys*, 426 F.3d at 555. Without this testimony, Magistrate Judge Hummel correctly concluded that Plaintiff had failed to support his allegation that he was denied access to the formal grievance process. *See* Dkt No. 76 at 19.

Having reviewed Magistrate Judge Hummel's July 30, 2018 Report-Recommendation and Order, the record, and the applicable law, the Court concludes that Magistrate Judge Hummel correctly recommended that the Court should grant Defendants' motion for summary judgment.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report and Recommendation (Dkt. No. 76) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 50) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 10, 2018
 Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge